PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-00083 GEB |
|---|---|
| Plaintiff, | STIPULATION REGARDING MENTAL COMPETENCY PROCEDURE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| ALEKSANDR MASLOV, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Aleksandr Maslov, by and through defendant's counsel of record, hereby stipulate as follows:

1. On January 19, 2017, defense counsel produced by email to the United States a summary report by Barbara E. McDermott, PhD, of the University of California, Davis Department of Psychiatry (herein, the "summary report"). The summary report described an examination of defendant Maslov for purposes of determining whether he has intellectual deficits and/or learning disabilities that might impair his ability to understand the charges and proceedings against him.

2. The report's preliminary conclusions raise for the parties "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

3. Consequently, the parties hereby agree and stipulate to the following:

a) By this stipulation and proposed order, the parties are moving for a hearing to determine the mental competency of the defendant, pursuant to 18 U.S.C. § 4241(a).

b) Under 18 U.S.C. § 4241(b), this Court may order that a psychiatric or psychological examination of the defendant be completed and filed with the Court prior to such a hearing. The defendant requests additional time, until February 7, 2017, in which to allow Dr. McDermott to complete her full report and for defendant to file it with the Court, pursuant to 18 U.S.C. § 4241(b).

c) After the filing of that report, the government reserves the right to seek an additional examination pursuant to 18 U.S.C. § 4247(b), which provides that this Court may order examination by "more than one such examiner," and that "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days . . . to the custody of the Attorney General for placement in a suitable facility." The defendant agrees not to oppose any good-faith request by the government to have the defendant committed to the custody of the Attorney General for examination as provided in § 4247(b).

d) However, defendant Maslov is currently set for trial with co-defendants Mihran Melkonyan and Ruslan Kirilyuk, set to begin on February 7, 2017.

e) Due to the time required for completion of Dr. McDermott's final report, the likely necessity of a separate examination by the United States referenced above in paragraph (c), the time required for conducting a hearing before this Court, and to avoid the risk of proceeding to trial when the parties have reasonable cause to believe the defendant may be suffering from mental defect so as to render him potentially incompetent to stand trial, the parties hereby stipulate and move this Court to order that defendant Maslov be severed from co-defendants Mihran Melkonyan and Ruslan Kirilyuk, pursuant to this Court's discretion under Fed. R. Crim. P. 14. See, e.g., United States v. Fernandez, 388 F.3d 1199, 1241 (9th Cir. 2004) (reviewing district court's denial of motion to sever for abuse of discretion).

f) If this Court denies the parties' request to sever, the United States agrees not to oppose defendant's late filing of oppositions to motions in limine (currently due January 20,

2017), or any trial documents currently due January 23, 2017 (including proposed voir dire, jury instructions, and trial brief).

4. Assuming that this Court grants such a severance, and based on these considerations, the parties also move this Court to order time excluded under the Speedy Trial Act, see 18 U.S.C. § 3161 et seq., as follows:

a) Time was previously ordered excluded pursuant to 18 U.S.C.§§ 3161(h)(7)(A), B(iv) [Local Code T4] and B(ii) [Local Code T2] through the February 7, 2017, trial date on the basis of the Court's finding that (1) the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial, owing to the ongoing defense preparation for trial and the voluminous discovery in this matter, and (2) in the alternative, that this case was so unusual and complex, due to the nature of the prosecution, that it was unreasonable to expect adequate preparation for the trial itself within the time limits established by § 3161.

b) Owing to the newfound need to evaluate defendant Maslov's competency, the parties move to have time excluded under 18 U.S.C. § 3161(h)(1)(A) (providing for exclusion of time within which trial must commence for "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"), through the date of the Court's ultimate competency hearing for defendant Maslov. See United States v. Miranda, 986 F.2d 1283, 1294–85 (9th Cir. 1993) (holding that § 4241(a) time limits for competency evaluation do not limit excludable time for competency examinations under § 3161(h)(1)(A), and upholding exclusion of 106 days in which defendant's mental competency evaluation report was under preparation); accord United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir. 2004).

c) Moreover, until the granting of this motion for severance, time under the Speedy Trial Act within which trial must commence is also excludable under 18 U.S.C. § 3161(h)(1)(D) (providing for exclusion of time within which trial must commence for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"), from today's date until resolution of this motion, and

STIPULATION AND [PROPOSED] ORDER      3

separately under 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"), from today's date until defendant Maslov's severance.

      d)    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 20, 2017　　　　　　　　　　PHILLIP A. TALBERT
　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　/s/ MICHAEL D. ANDERSON
　　　　　　　　　　　　　　　　　　　　　MICHAEL D. ANDERSON
　　　　　　　　　　　　　　　　　　　　　MATTHEW M. YELOVICH
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys

Dated: January 20, 2017　　　　　　　　　　/s/ ROBERT WILSON
　　　　　　　　　　　　　　　　　　　　　ROBERT WILSON
　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　　　　ALEKSANDR MASLOV

**FINDINGS AND ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE COURT HEREBY ORDERS AS FOLLOWS:

1. Defendant Maslov is hereby severed from defendants Mihran Melkonyan and Rouslan Kirilyuk in Case No. 2:14-cr-00083.
2. Defendant Maslov has until February 7, 2017, to file with this Court the complete report of Dr. Barbara E. McDermott, referenced in the parties' stipulation.
3. The parties jointly request that this matter be set for status hearing on February 10, 2017. At that time, the United States shall notify the Court and defendant as to the necessity of a separate examination.
4. Time is hereby excluded under the Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(A), from the date of entry of this Order through the February 10, 2017 status hearing date.

IT IS SO FOUND AND ORDERED.

Dated:  January 23, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge