PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-00083 GEB |
|---|---|
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER REGARDING MENTAL COMPETENCY EVALUATION AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT |
| v. | |
| ALEKSANDR MASLOV, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Aleksandr Maslov, by and through defendant's counsel of record, hereby stipulate as follows:

1.  On February 13, 2017, the defendant's attorney filed under seal a report by Barbara E. McDermott, PhD, of the University of California, Davis Department of Psychiatry. ECF Nos. 168-69. Based on the report, both parties agree that there is a doubt as to the defendant's competency and that a hearing to determine the mental competency of the defendant, pursuant to 18 U.S.C. § 4241(a), is appropriate.

2.  The government requests, and the defendant does not object, that the defendant be further evaluated by a Forensic Psychologist at a Federal Bureau of Prisons ("BOP") Forensic Study Site prior to the competency hearing. Pursuant to 18 U.S.C. § 4247(b), this Court may order an examination by "more than one such examiner." In order to effectuate that request, the Court may commit the defendant

to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period not to exceed 30 days. 18 U.S.C. § 4247(b). The director of the examining facility may request a reasonable extension, not to exceed 15 days. 18 U.S.C. § 4247(b).

3. Based on the record to date, there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is (1) unable to understand the nature and consequences of the proceedings against him, or (2) to assist properly in his defense.

4. There is a compelling government interest in (1) obtaining a thorough and complete examination to protect the due process rights of the defendant and because the government bears the burden of proving competency; (2) ensuring that the defendant is available for trial; (3) providing a speedy trial; (4) preventing unnecessary delay; and (5) ensuring defendant's appearance at psychiatric examinations.

5. BOP regularly employs highly competent Forensic Psychologists who perform an extremely comprehensive competency evaluation.

6. The nearest BOP Forensic Study Sites capable of conducting the necessary evaluation are in Los Angeles, California, and Seattle, Washington.

7. All Federal Bureau of Prisons ("BOP") Forensic Study Sites that conduct mental competency evaluations require the defendant to be in custody during the evaluation period.

8. The defendant requests that the Court recommend that he be placed in the Metropolitan Detention Center (MDC) facility located in Los Angeles, California. The government does not oppose such recommendation.

9. The parties agree that the status conference regarding the status of the mental competency evaluation currently scheduled for February 24, 2017, be vacated, and reset for March 21, 2017.

    a) Time should be ordered excluded pursuant to 18 U.S.C.§§ 3161(h)(7)(A), B(iv) [Local Code T4] and B(ii) [Local Code T2] through the March 21, 2017, status date on the basis of the Court's finding that (1) the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial, owing to the ongoing defense preparation for trial and the voluminous discovery in this matter, and (2) in the alternative, that

this case was so unusual and complex, due to the nature of the prosecution, that it was unreasonable to expect adequate preparation for the trial itself within the time limits established by § 3161.

b)   Time should also be ordered excluded under 18 U.S.C. § 3161(h)(1)(A) (providing for exclusion of time within which trial must commence for "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"), through the date of the Court's ultimate competency hearing for defendant Maslov.  See United States v. Miranda, 986 F.2d 1283, 1294–85 (9th Cir. 1993) (holding that § 4241(a) time limits for competency evaluation do not limit excludable time for competency examinations under § 3161(h)(1)(A), and upholding exclusion of 106 days in which defendant's mental competency evaluation report was under preparation); accord United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir. 2004).

c)   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 21, 2017        PHILLIP A. TALBERT
                                 United States Attorney

                                 /s/ MICHAEL D. ANDERSON
                                 MICHAEL D. ANDERSON
                                 MATTHEW M. YELOVICH
                                 Assistant United States Attorneys

Dated:  February 21, 2017        /s/ ROBERT WILSON
                                 ROBERT WILSON
                                 Counsel for Defendant
                                 ALEKSANDR MASLOV

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE COURT HEREBY ORDERS AS FOLLOWS:

1. The defendant shall submit to a mental competency evaluation to assess his competency to stand trial in this case.

2. The mental competency evaluation shall be conducted by the Federal Bureau of Prisons ("BOP").

3. The BOP shall, as soon as possible, designate a facility for the defendant's mental competency evaluation.

4. The defendant shall surrender himself to the Forensic Study Site designated by the BOP within 14 days of receiving notice of the BOP's designation.

5. The defendant shall be immediately released from the designated BOP facility upon completion of his mental competency evaluation.

6. The BOP shall, as soon as possible, furnish the Court with a report evaluating the defendant's mental competency and ability to stand trial in this case.

7. The status conference regarding the mental competency evaluation currently scheduled for February 24, 2017, shall be vacated and shall be reset for March 24, 2017.  Time is hereby excluded under the Speedy Trial Act under 18 U.S.C.§§ 3161(h)(7)(A), B(iv) [Local Code T4] and B(ii) [Local Code T2], from the date of entry of this Order through the March 24, 2017 status hearing date.  Time is also excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) through the date of the defendant's mental competency hearing.

///
///
///

The Court hereby RECOMMENDS that the defendant's competency evaluation be conducted at the BOP Forensic Study Site at the Metropolitan Detention Center (MDC) in Los Angeles, California.

IT IS SO FOUND AND ORDERED.

Dated: February 23, 2017

GARLAND E. BURRELL, JR.
Senior United States District Judge