PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-00083 GEB |
|---|---|
| Plaintiff, | STIPULATION REGARDING FURTHER COMPETENCY PROCEEDINGS FOR DEFENDANT ALEKSANDR MASLOV; ORDER |
| v. | |
| ALEKSANDR MASLOV, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Aleksandr Maslov, by and through defendant's counsel of record, hereby stipulate as follows:

1. On February 23, 2017, pursuant to the parties' stipulation and proposed order, this Court ordered defendant Aleksandr Maslov committed to the custody of the Federal Bureau of Prisons ("BOP") for a period of 30 days. See ECF No. 177. In the parties' stipulation, the parties stated that "the Court may commit the defendant to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period not to exceed 30 days. The director of the examining facility may request a reasonable extension, not to exceed 15 days." Id. (citations omitted).

2. On April 13, 2017, the BOP wrote this Court to request (1) an extension of defendant Aleksandr Maslov's commitment to BOP custody for an additional fifteen days of examination, as provided by statute, and (2) a determination from this Court that the evaluation period began upon the

1

defendant's actual arrival at BOP's facility.

3. This Court received that letter on April 25, 2017, and on the same day issued an Order to the parties to respond to the BOP's requests. See ECF No. 184.

4. On April 27, 2017, this Court issued an Order stating that the parties need not respond in writing to the BOP's requests if the parties preferred to discuss the competency matter at the hearing scheduled for April 28, 2017. See ECF No. 187.

5. On April 28, 2017, the parties appeared for discussion of BOP's requests. The parties agreed to issue a stipulation and proposed order advising the Court of the status of defendant Maslov's competency evaluation at BOP and setting forth next steps.

6. Accordingly, the parties provide the following status report to the Court:

    a) On April 28, 2017, following their morning appearance on this Court's criminal calendar, the parties spoke with representatives at the BOP facility in Los Angeles where defendant Maslov is undergoing competency evaluation. In that and subsequent communications during April 28, the parties came to learn the following: first, the defendant is being evaluated by Dr. Samantha Shelton. Second, Dr. Shelton has advised that she has scheduled her final rounds of testing and interviews with the defendant to occur over the next five business days. Accordingly, she expects the defendant's evaluation process to be completed by close of business on Friday, May 5, 2017.

    b) However, BOP officials also advised that this schedule depends upon full access to the defendant by Dr. Shelton for the next five business days, and, on Monday, May 1, 2017, the Metropolitan Detention Center ("MDC") in Los Angeles, CA, is under modified and restricted operations due to large-scale planned protests immediately surrounding the facility. Therefore, BOP advised that it is possible that Dr. Shelton will require one additional business day (Monday, May 8) in which to complete her evaluation of the defendant if she does not have unrestricted access to him on Monday, May 1, due to the parameters imposed by the facility's modified operations.

    c) In addition, BOP advised that the defendant's 30-day evaluation period, provided for by this Court's February 23, 2017 Order, see ECF No. 177, did not begin until the defendant

1  self-surrendered to the MDC on March 30, 2017.

2      d) Separately, before this Court on April 28, 2017, defense counsel expressed concern with defendant's ability to contact counsel from the MDC. During discussions afterward between BOP officials and defense counsel, BOP officials arranged to facilitate a telephone call between the defendant and his counsel, which occurred on April 28, 2017.

7. As a result of these discussions, the parties jointly propose that this Court order as follows:

    a) This Court should find that the defendant's evaluation period began on March 30, 2017, as that was the undisputed date on which the defendant self-surrendered at the MDC.

    b) Further, this Court has authority to extend the defendant's commitment to the BOP by fifteen days upon a showing of good cause. See 18 U.S.C. § 4247(b) ("The director of the facility may apply for a reasonable extension, but not to exceed fifteen days . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant."). In this case, BOP stated that its clinical psychologist assigned to the defendant, Dr. Shelton, has scheduled testing and interviews to occur over the next five business days that are necessary to observe and evaluate the defendant's competency, and that her evaluation absent said testing and interviews will not be completed adequately. This is consistent with the BOP's letter to this Court in which BOP requested an extension "to complete the testing and examination necessary to develop a history, diagnosis, and opinion." ECF No. 184. While the parties have been unable to locate an explicit elucidation of the "good cause" standard in this setting by the Ninth Circuit, the parties stipulate that good cause exists for such an extension here given the representations of the assigned psychologist and BOP that their evaluation process requires an additional five business days of unrestricted access for testing and interviews. The parties therefore agree to seek an Order from this Court that the defendant's commitment to BOP for evaluation be extended to close of business on Friday, May 5, 2017, with the understanding that the parties may need to seek an additional extension to Monday, May 8, 2017, if Dr. Shelton's access to the defendant is restricted on Monday, May 1, 2017.

    c) The parties also jointly request that the May 5, 2017 hearing date in this matter

be vacated and a new status conference be set for May 19, 2017.

        d)      Moreover, on April 28, 2017, this Court excluded time under the Speedy Trial Act within which trial must occur from today's date through May 5, 2017, pursuant to 18 U.S.C.§§ 3161(h)(7)(A), B(iv) [Local Code T4] and 3161(h)(1)(A) [Local Code A]. The parties hereby jointly request that this Court order further time excluded between the date of this Order and the contemplated May 19, 2017, status conference pursuant to Local Codes T4 and A. First, the discovery in this case is voluminous, and defense counsel continues to prepare for an eventual trial, justifying continued exclusion under Local Code T4. Independently, competency proceedings are underway, justifying an exclusion under Local Code A. See United States v. Miranda, 986 F.2d 1283, 1294–85 (9th Cir. 1993) (holding that § 4241(a) time limits for competency evaluation do not limit excludable time for competency examinations under § 3161(h)(1)(A), and upholding exclusion of 106 days in which defendant's mental competency evaluation report was under preparation); accord United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir. 2004).

        e)      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 28, 2017                        PHILLIP A. TALBERT
                                                 United States Attorney

                                                 /s/ MATTHEW M. YELOVICH
                                                 MICHAEL D. ANDERSON
                                                 MATTHEW M. YELOVICH
                                                 Assistant United States Attorneys

Dated: April 28, 2017                        /s/ ROBERT WILSON
                                                 ROBERT WILSON
                                                 Counsel for Defendant
                                                 ALEKSANDR MASLOV

**FINDINGS AND ORDER**

THE COURT HEREBY ORDERS AS FOLLOWS:

1. Based on the representations of the Federal Bureau of Prisons, this Court finds that defendant Aleksandr Maslov's competency evaluation began on March 30, 2017, as that was the date upon which defendant Maslov arrived at the Metropolitan Detention Center in Los Angeles. This Court further finds based on the parties' stipulated good cause that defendant's commitment is extended until the close of business (5 p.m. Pacific Standard Time) on May 5, 2017, without prejudice to the parties' ability to request an additional extension to May 8, 2017, if defendant's evaluating psychologist requires an additional business day of unrestricted access to the defendant due to disruptions on May 1, 2017.

2. At the parties joint request, the currently scheduled May 5, 2017 hearing date shall be vacated and reset for May 19, 2017.

3. Time is hereby excluded under the Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(A), from the date of entry of this Order through the date of the defendant's mental competency hearing. Time is independently excluded under the Speedy Trial Act under 18 U.S.C. §§ 3161(h)(7)(A), B(iv) from the date of entry of this Order through May 19, 2017.

4. The United States Attorney's Office is directed to serve a copy of this Order on the defendant's assigned psychologist (Dr. Shelton) and the chief psychologist for the MDC, and the Courtroom Deputy Clerk shall email a copy of the Order to Dr. Shelton.

IT IS SO FOUND AND ORDERED.

Dated: April 28, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge