PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
MATTHEW M. YELOVICH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-00083 GEB |
|---|---|
| Plaintiff, | STIPULATION REGARDING COMPETENCY PROCEEDINGS FOR DEFENDANT ALEKSANDR MASLOV AND EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT; [PROPOSED] ORDER |
| v. | |
| ALEKSANDR MASLOV, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Aleksandr Maslov, by and through defendant's counsel of record, hereby stipulate as follows:

1. On January 19, 2017, defense counsel produced by email to the United States a summary report by Barbara E. McDermott, PhD, of the University of California, Davis Department of Psychiatry (herein, the "summary report"). The summary report described an examination of the defendant for purposes of determining whether he had intellectual deficits and/or learning disabilities that might impair his ability to understand the charges and proceedings against him. The summary report was filed under seal at defendant's request. See ECF No. 169.

2. The summary report's preliminary conclusions raised for the parties "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

1

proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Accordingly, on January 24, 2017, this Court ordered that the defendant be severed from his co-defendants in Case No. 2:14-CR-00083, in order to undergo competency evaluation. See ECF No. 150.

3. On February 23, 2017, pursuant to the parties' stipulation and proposed order, this Court ordered the defendant committed to the custody of the Federal Bureau of Prisons ("BOP") for a period of 30 days to undergo competency evaluation. See ECF No. 177.

4. On March 30, 2017, the defendant self-surrendered to BOP at the Los Angeles Metropolitan Detention Center for evaluation. The evaluation was completed and the defendant was released on May 5, 2017; the resulting report was filed under seal. See ECF No. 198 ("BOP Report"). In a publicly-filed letter to the Court, BOP summarized that "although there is evidence to indicate Mr. Maslov may experience mild cognitive deficits, the signs or symptoms do not impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense." ECF No. 197. Moreover, BOP stated that "[d]uring the competency portion of the evaluation, overall, he provided appropriate responses to the questions posed to him," and "did not appear to experience significant difficulties in communicating his thoughts to the evaluator." Id.

5. On July 12, 2017, in response to the BOP report, Dr. McDermott completed a supplemental report ("supplemental report") at defense counsel's request evaluating the defendant's competence in light of the BOP Report's conclusion. The supplemental report is being filed under seal concurrently to this stipulation and proposed order. In the supplemental report, Dr. McDermott concurred with the BOP Report's conclusion, stating, inter alia, that "Dr. Shelton [of BOP] was of the opinion that Mr. Maslov was competent to stand trial and I concurred with that opinion at the time of my initial evaluation." Supplemental Report at 3.

6. Because all experts have concluded that the defendant is competent to stand trial, the parties have concluded that an evidentiary hearing as to competence would be unnecessary and uncontested. The parties wish to obviate the need for such a hearing and proceed henceforth with setting trial dates. In so doing, the defendant understands that he is waiving his right to a hearing under 18 U.S.C. § 4247(d), which includes waiving his "opportunity to testify, to present evidence, to subpoena

witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." Id. Undersigned defense counsel represents that he has advised the defendant of these rights, as well as the contents of the evaluation reports conducted to date. Defense counsel further represents that he has discussed the waiver of the § 4247(d) competency hearing and that the defendant has agreed to give up the rights enumerated in the statute and associated case law, as he concurs in the unanimous expert opinions that he is indeed competent to stand trial.

7. Accordingly, the parties jointly request that this Court (1) find the defendant "able to understand the nature and consequences of the proceedings against him and to assist properly in his defense," 18 U.S.C. § 4241, and therefore competent to stand trial, on the basis of the unanimous conclusions of evaluating experts and the parties stipulation, (2) vacate the currently scheduled competency status hearing set for November 17, 2017, and (3) set a status hearing for December 15, 2017, at which the parties anticipate seeking trial dates.

8. Time has previously been excluded in this matter under the Speedy Trial Act through November 17, 2017, pursuant to 18 U.S.C.§§ 3161(h)(7)(A), B(iv) [Local Code T4] and 3161(h)(1)(A) [Local Code A]. Given the conclusion of competency proceedings, no further exclusion of time under Local Code A is applicable. Instead, the parties hereby jointly request that this Court order further time excluded between the date of this Order and the contemplated December 15, 2017, status conference pursuant to Local Code T4, as defense counsel is diligently preparing for trial in this case. The discovery in this case is voluminous and complex, and defense counsel is reviewing additional records from co-defendant Melkonyan's February 2017 trial, justifying continued exclusion under Local Code T4. Defense counsel continues to conduct legal and factual research related to preparing for trial with adequate diligence, and therefore an exclusion of time is appropriate, as the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial.

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///

///

IT IS SO STIPULATED.

Dated: October 19, 2017

PHILLIP A. TALBERT
United States Attorney

/s/ MATTHEW M. YELOVICH
MICHAEL D. ANDERSON
MATTHEW M. YELOVICH
Assistant United States Attorneys

Dated: October 19, 2017

/s/ ROBERT WILSON
ROBERT WILSON
Counsel for Defendant
ALEKSANDR MASLOV

**[PROPOSED] FINDINGS AND ORDER**

1. This Court has reviewed the reports filed in these competency proceedings on February 13, 2017, May 30, 2017, and October 19, 2017, analyzing the defendant's mental health and competency, as well as the publicly-filed letter from the Bureau of Prisons of May 25, 2017, and the parties' stipulation.

2. Consistent with all of these filings, the Court has determined and now finds, by a preponderance of the evidence, that (a) the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, and (b) the defendant is competent to stand trial. This Court makes such findings consistent with the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241–4248, and hereby vacates the evidentiary hearing previously contemplated as unnecessary given the unanimous conclusions of all evaluating experts.

3. The currently set competency status hearing on November 17, 2017, is hereby vacated, and further status hearing for trial setting shall commence at 9:00 a.m. on December 15, 2017.

4. Further, the Court has read and considered the parties' request for excludable time under the Speedy Trial Act. The Court hereby finds that the facts stated in the stipulation, which this Court incorporates by reference into this Order, demonstrate good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. The Court further finds that the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial, and failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, this Court orders that the time period from the date of entry of this Order through December 15, 2017, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), and (B)(iv).

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO FOUND AND ORDERED.

Dated: October 27, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge